**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

NOV 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTIN VERA-RIVAS,

Defendant - Appellant.

No. 23-374

D.C. No.
3:19-cr-03622-JLB-CAB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted November 4, 2024[**]
Pasadena, California

Before: WARDLAW, HURWITZ, and DESAI, Circuit Judges.

Martin Vera-Rivas ("Vera") appeals his conviction for misdemeanor attempted illegal entry in violation of 8 U.S.C. § 1325(a)(1). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. The district court did not abuse its discretion by admitting photographs of Vera despite the fact that a testifying Border Patrol agent used labels indicating Vera's identity to lay the foundation for admission. The labels were arguably hearsay because they were offered for their truth—that the person in the photo was Vera and was arrested for illegal reentry. *See United States v. May*, 622 F.2d 1000, 1007 (9th Cir. 1980). However, the labels were not themselves admitted into evidence but were simply relied upon by the Border Patrol agent who laid the foundation for admission of the photographs. And, in deciding whether evidence is admissible, a "court is not bound by evidence rules, except those on privilege." Fed. R. Evid. 104(a). Therefore, a court may consider hearsay when determining whether an appropriate foundation has been laid to admit evidence. *See Bourjaily v. United States*, 483 U.S. 171, 178–79 (1987).

In any event, "it is more probable than not that [any] error did not materially affect the verdict." *United States v. Torres*, 794 F.3d 1053, 1056 (9th Cir. 2015) (cleaned up). As the district court noted, another Border Patrol agent, testifying from his own memory, identified Vera as the person he interviewed at the Forest Gate Processing Center on May 15, 2019, and it is undisputed that Vera was photographed at the processing center after his arrest. There was also other evidence that the two agents were testifying about the same man. For example, the first agent "observed five subjects jumping from the brush," and Vera stated in his later interview that he

was in a group of five people who hid in the brush and ran upon seeing a Border Patrol vehicle.

2. We review de novo the sufficiency of the evidence. *See United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010). There was sufficient evidence to corroborate Vera's confessions under the *corpus delicti* doctrine. "[C]orpus delicti does not impose a high bar for the government to clear, and it does not require evidence that would be independently sufficient to convict the defendant." *United States v. Gonzalez-Godinez*, 89 F.4th 1205, 1210 (9th Cir. 2024) (cleaned up). The trial court found adequate corroboration of Vera's confessions because (1) Vera was arrested near the border, (2) he was far from a port of entry, (3) he was hiding in the brush with a group of other people, (4) he emerged and ran toward the unmarked Customs and Border Patrol ("CBP") vehicle, (5) the CBP agent found the group in response to a radio communication, and (6) the arrest area was on a known smuggling route. Vera attacks the last three and argues that the remaining three do not suffice to corroborate his confessions.

We find no error in the district court's consideration of the three challenged factors. This was a bench trial, and the district court admitted the radio communication solely for its effect on the listening arresting agent. The court's conclusion that Vera's group ran toward the unmarked CBP vehicle was based on details in the arrest report and "supported by a chain of logic, rather than mere

3                                                                 23-374

speculation dressed up in the guise of evidence." *United States v. Katakis*, 800 F.3d 1017, 1024 (9th Cir. 2015) (cleaned up). And even assuming that the CBP agent's observations about the area in which Vera was arrested was unnoticed expert testimony, the agent was clearly qualified as an expert on that topic, and "any alleged error by the trial judge in admitting the evidence under the lay opinion rule was harmless." *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1247 (9th Cir. 1997) (cleaned up).

Moreover, the unchallenged evidence provides sufficient corroboration of the confessions. *See, e.g.*, *Gonzalez-Godinez*, 89 F.4th at 1210 (finding corroboration where defendant "was either sliding away from a partially deconstructed border fence or hiding in the nearby brush" and was "in a remote, easy-to-cross area"); *United States v. Garcia-Villegas*, 575 F.3d 949, 951 (9th Cir. 2009) (finding corroboration where defendant was found "with torn clothes and bloody hands, hiding in a bush on the American side" of the border).

**AFFIRMED.**